## CIRCUIT COURT OF MADISON COUNTY

Town of Madison

    v.

Zoning Appeals Board,
Bernard Potichas
and Christine Potichas

August 31, 2004

Case No. (Law) 1895

BY JUDGE DANIEL R. BOUTON

I am writing to advise of the court's decision in connection with the above referenced case.

### Procedural History

This case comes before the court based on the writ of certiorari filed by the Town of Madison in accordance with § 15.2-2314 of the Code of Virginia. The Town requests that the court reverse a decision of the board of zoning appeals. The board's decision overruled the Town's zoning administrator, who had denied a request for a building permit that was submitted by Bernard and Christine Potichas.

All parties agreed that the full record of the case before the board of zoning appeals should be considered by the court. The record is contained among the papers filed with the writ of certiorari. Counsel argued the case in the Madison County Circuit Court on July 28, 2004.

■■■■■■■■■

*Discussion*

All parties agree on the principles of law that govern the analysis in the circuit court. To begin with, the decision of the board of zoning appeals is presumed to be correct on appeal; furthermore, in the circuit court, the burden rests on the appealing party to establish that "the board applied erroneous principles of law or that its decision was plainly wrong and in violation of the purpose and intent of the zoning ordinance." *City of Suffolk v. Board of Zoning Appeals*, 266 Va. 137, 142-43, 580 S.E.2d 796 (2003). However, in evaluating the provisions of the ordinance that the board applied to its decision, the circuit court must be guided by the following principle: "When an ordinance is plain and unambiguous, there is no room for interpretation or construction; the plain meaning and intent of the ordinance must be given it." *City of Emporia Board of Zoning Appeals v. Mangum*, 263 Va. 38, 41, 556 S.E.2d 779 (2002).

Turning to the present case, the court must first resolve the issue that was raised by the board and the Potichases regarding the scope of the review that was conducted by the BZA. Here, the court has to decide whether the trial of the appeal in the circuit court is limited to an evaluation of the reasons given by the zoning administrator for the denial of the permit in her letter of August 19, 2003. On this point, the BZA and the Potichases assert that in considering the appeal, the court is restricted to what the zoning administrator set forth in her letter. As a result, they maintain that the nonconforming use of the property is largely irrelevant to the inquiry. On the other hand, the Town argues that it is an undisputed fact that the use of the property proposed in the contested permit is a nonconforming one; therefore, the court must analyze what impact, if any, such nonconforming use has on the issue that is contested among the parties.

The court concludes that, once the decision to deny the permit was appealed to the BZA, the hearing before the board was not confined to the limited references set forth in the zoning administrator's letter. What was appealed to the board by the Potichases was the decision to deny the permit under the ordinance. Regardless of what the administrator stated in her letter, the BZA was required to apply the terms and provisions of the zoning ordinance. Thus, the nonconforming nature of the use requested in the permit had to be considered by the BZA; it follows that it must also be taken into account by the circuit court on appeal. To rule otherwise would mean that the BZA and the court could ignore the provisions of the ordinance that apply directly to the use requested in the permit solely because all of the relevant provisions were not cited or referred to by the zoning administrator in her letter of denial. Such a finding would also ignore the mandate of Va. Code § 15.2-2309. This statute explicitly states

that it is the duty of the BZA to "consider the purpose and intent of any applicable ordinances, laws and regulations in making its decision." In short, the case is controlled by the law set forth in the zoning ordinance and not by the information contained in the zoning administrator's letter.

Furthermore, it should be noted that, when the board of zoning appeals reviewed the decision of the zoning administrator at the meeting on October 9, 2003, both the zoning category and the actual use of the property were part of the discussion that took place. The record before the court demonstrates that the board understood that the property was zoned B-1 and that the permit in question involved construction work that was going to be completed on the portion of the property that was being used as a residence. The Potichases do not contest that, under the ordinance, their residence on the second floor of the restaurant constitutes a nonconforming use. Moreover, they concede that the ordinance contains no provision that would allow for any mixed use of the property. In evaluating the decision of the zoning administrator, the board was obligated to apply correctly these principles of law.

Since the permit submitted by the Potichases involves a nonconforming use, the provisions of Sections 10-3 and 10-4(b) of the ordinance must be applied. Here, the proposed deck would enlarge and expand the area of the nonconforming use. Such an expansion is not permitted in the B-1 district. Therefore, the decision of the BZA to overturn the zoning administrator was plainly wrong because it violated the clear, unambiguous language of the provisions of the zoning ordinance.

The court also agrees with the second argument made by the Town. Specifically, the BZA incorrectly concluded that the provisions of Section 7-8(c) and 11-5 of the ordinance did not apply to the building permit requested by the Potichases. The resolution of this issue turns on the construction and interpretation of the terms "building," "main building," "restaurant," and "structure" under the ordinance. All parties offered various written and oral arguments on the meaning and application of these terms.

In the court's view, the only permitted use of the property in the B-1 zone under the ordinance would be for a restaurant. Nothing in the ordinance allows for the issuance of a building permit for any residential use in this district. Therefore, the approval of any building permit must be consistent with the requirements for the B-1 zone. Based on such requirements, the proposed deck that was considered by the BZA when it reviewed the permit would be an enlargement of the main building, the restaurant. Here, the BZA was plainly wrong when it found that the provisions of the ordinance that govern such an enlargement were not applicable. On this issue, the court finds persuasive the arguments set forth by Mr. Tanner on pages 5-9 of his trial memorandum. Such arguments are adopted by the court as part of its reasoning.

*Conclusion*

Based on the above analysis, the court will reverse the decision of the board of zoning appeals.